The President
delivered his o.pinion, in which the other Judges concurred.*
Upon the preliminary question, whether the Supersedeas was properly awarded to the Judgment of the Superior Court, I think there can be no doubt; for, that reversing the Judgment of the County Court, and directing other pleadings in the cause, was interlocutory in its character, (though final there,) the Judgment of the County Court, being final as regards the jurisdiction of this Court, it imparted that character to the Judgment of the Superior Court, and an appeal will lay from it to this Court.
On the merits, I think there is as little doubt. A Relator in a suit on an official bond, ought to set out in the pleadings, bis interest in, and claim to, relief upon it; which he has totally omitted in this case. On the demurrer to the Declaration, by oyer taken of the bond and condition, they became a part of it, and might be demurred to for any defect apparent on their face; and that is the ground of the special demurrer in this ease. The two first points relate to defects in the bond., and condition; as first, because there are no obligees named in the bond. Sccond.li/, because in the condition, the name of the Executor, and o¡’ the Court into which he was to return the account of his transactions, are blank. In fact, the bond is only a copy of the blank bond to be found in the Act, except that the names of the obligors are inserted in the penal part of it. It is materially defective. Parties ought to be held to a reasonable strictness, or great injustice may be done. There can bo no bond without an obligee; and it ought (o be made to the sitting Justices at the time it is executed.
*352 On all these grounds, not noticing some minor objections, I think ■¡hat the Judgment of the Superior Court ought to be reversed, and that of the County Court affirmed.

 Judge Coalteb, absent.