Brockenbrough, J.
In an action against Benjamin BlaJce as administrator of William, BlaJce, for goods sold to him by the plaintiff, the defendant offered as a witness to defeat the claim, one RicJiards, who had married the sister of W. BlaJce deceased, and the county court decided that he was an incompetent witness. Suppose the wife had been offered as a witness; would she have been incompetent? The first objection is that she was the sister of W. BlaJce. If the objection had been that she was a distributee of the estate of W. BlaJce, the objection would have been good, because by her evidence she would have prevented the diminution of the fund to be distributed, and as she was to share in that fund, she was interested in preventing the diminution of it: but she is not stated by the bill of exceptions to be a distributee; she was only a sister, and W. BlaJce might have left children.
The next objection to the competency of the wife of RicJiards as a witness is difficult to comprehend. She was the sister, as W. BlaJce was the brother, of one Elliott BlaJce deceased; he by his will made W. BlaJce his executor, and the said W. BlaJce and mrs. RicJiards were two of the residuary legatees of Elliott BlaJce. What has this to do with the question of mrs. RicJiards’s interest in the case before the court? Is it supposed that she.is interested to prevent a diminution of the individual funds of W. BlaJce, lest he should be thereby disabled from applying the funds of Elliott BlaJce’s estate to the discharge of her residuary legacy ? This seems to me to be a far-fetched notion, and that the interest is *91 as -uncertain and contingent as can well be imagined. The court ought not to have presumed that the individual funds of W. Blake would have been mixed up -with the funds of Elliott Blake’s estate, so that the diminution of the former would have affected the amount of the latter, or, at any rate, of mrs. Richards’s share of the residuum. I see no ground on which mrs. Richards could have been excluded as a witness, and therefore her husband ought not to have been. The county court, I think, erred in this particular. The judgment of the circuit court, therefore, reversing that of the county court, is right and ought to be affirmed. That court, however, omitted to set aside the verdict and direct a new trial of the issues, which ought to have been done. This error is not complained of by the appellant, and is in no wise prejudicial to him. In affirming the judgment, I think it will be right to remand the cause to the circuit court, with directions to that court to set aside the verdict and award a new trial, to be had at its own bar, according to the former order of that court.
Tucker, P.
I am satisfied, upon examining the statute and the authorities, that the supersedeas was not improvidently awarded in this case. See Cowling v. Nansemond Justices, 6 Rand. 349. The case of Norris v. Tomlin &c. 2 Munf. 336. is badly reported, and is no authority for the doctrine there laid down. In the present case the reversal of the judgment of the county court by the superiour court was of necessity a final judgment. It settled the only question which that court was called upon to settle. It adjudged costs to the party prevailing, and it could never have been altered or set aside by the same court at a future term. Moreover the court had only power to pronounce a final judgment, and if that judgment was a judgment of reversal, it was bound to send the cause back to the county court, there being no power in the superiour courts of law to retain *92 a cause for further proceedings after reversing the jtidgn . , r ment of the county court, except by consent ot parties. The judgment, it is true, is erroneous, not only in retaining the cause, and in omitting to enter such judgmen(. ag county court should have entered, which it ought to have done upon reversing the judgment; Darby v. Henderson &c. 3 Munf. 115. Mantz v. Hendley, 2 Hen. & Munf. 308. Blane v. Sansum, 2 Call 496. 1 Rev. Code, ch. 69. § 60. p. 240. but it is also erroneous in reversing the judgment of the county court. The testimony of Richards having been objected to expressly on the ground of interest in the estate of the decedent, who died intestate, the wife of the witness being the decedent’s sister, and the objection being met by the defendant not by proof that the intestate left children, but by an offer to execute mutual releases, the superiour court ought to have inferred that he died without children; it ought to have inferred an admission of that fact from the defendant’s conduct; it ought to have inferred that.the witness was interested as a distributee, sincq the defendant conceded it by the offer of a release. And as to the releases, they were clearly insufficient; for the release ought to have been from the distributee to the defendant, and Ms acceptance of it, and not the plaintiff’s, was- necessary to make it valid. But it appears by the bill of exceptions that because the plaintiff refused to receive it, nothing further- was done, and the release never was completed by delivery and acceptance.
I am therefore of opinion that the judgment of the superiour court should be reversed with costs, and that of the county court affirmed.
Judgment of circuit court reversed, and that of the county court affirmed.